IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02616-PAB-KLM

NOBLE SYSTEMS CORPORATION,
a Georgia corporation,

    Plaintiff,

vs.

TECH SQUAD LLC, a Colorado
limited liability company;
SIMPLE FOCUS LLC, a Colorado limited
liability company d/b/a TECH SQUAD LLC, a
Colorado limited liability company;
DANIEL SCHAEFER, an individual,
DAVID NOAH SEIS, an individual, and
JOHN DOES 1 through 4,

    Defendants.

## TEMPORARY RESTRAINING ORDER

    This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order [Docket No. 2] and the parties' November 13, 2009 Joint Motion for Entry of Temporary Restraining Order ("Joint Motion") [Docket No. 20]. In light of the stipulation of the parties entered on the record at the November 10, 2009 hearing and the Joint Motion, and pursuant to Federal Rule of Civil Procedure 65, it is

    **ORDERED** that the Joint Motion [Docket No. 20] and the Motion for Temporary Restraining Order [Docket No. 2] are GRANTED. Accordingly, it is further

    **ORDERED** that

1.     Defendant Daniel Schaefer ("Schaefer") is prohibited from knowingly providing services to Tech Squad LLC or Simple Focus LLC d/b/a Tech Squad LLC that are competitive with the services that TouchStar provided as of the last date on which Schaefer was employed with TouchStar.

2.     Schaefer and David Noah Seis ("Seis") are prohibited from knowingly approaching any business that was a customer or business partner of TouchStar as of the date their employment with TouchStar terminated for purposes of offering or providing services substantially similar to the services TouchStar provided.

3.     In addition, Tech Squad, Schaefer and Seis are ordered to:

a.     Take all necessary steps to preserve inviolate any and all information related to customers and/or potential customers that Defendants have offered to assist and/or in fact have assisted in violating Noble's licensing agreements and/or to alter licensing restrictions contained in TouchStar's software; and

b.     Take all necessary steps to insure that the confidentiality of any of Noble's confidential, proprietary and/or trade secret information that is in Defendants' possession is preserved going forward.

It is further

**ORDERED** that this temporary restraining order will remain in effect until December 11, 2009 or the date set for a preliminary injunction hearing in this matter, whichever occurs first.  During that period, Plaintiff and Defendants are entitled to limited discovery in preparation for a Preliminary Injunction hearing, if and when necessary, as follows:

1. Plaintiff, at its sole expense, will be permitted to make a forensic image of Defendants Schaefer's and Seis' personal computers. Schaefer and Seis shall provide their personal computers to a mutually agreed upon vendor for copying of their hard drives within three (3) days of the date of this Order.

2. Plaintiff will be permitted to serve one set of interrogatories not to exceed ten (10) requests for information on each of Schaefer and Seis. Schaefer and Seis shall respond to such discovery requests within fifteen (15) days of service. Similarly, each of the Defendants will be permitted to serve one set of interrogatories not to exceed ten (10) requests for information on Noble. Noble shall respond to such discovery requests within fifteen (15) days of service.

3. Defendants Schaefer and Seis will submit to an interview by representatives of Noble and their counsel no later than November 16, 2009.

It is further

**ORDERED** that by stipulating to the entry of this Order, no party has made any admission concerning the merits of Plaintiff's Motion for Temporary Restraining Order or any of its other various pleadings, including the Second Amended Complaint and Jury Demand, and all parties have reserved all rights and defenses with respect to Plaintiff's Motion. The parties have further stipulated that no bond is required for the entry of the temporary injunctive relief provided for in this Order, but the Defendants have reserved their rights to request a bond if additional restrictions beyond those provided for in this Order are requested by Noble.

DATED November 18, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge